# NO. 12-23-00259-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***AUTHOR JAMES MANNING JR., APPELLANT*** | § | ***APPEAL FROM THE 307TH*** |
| ***V.*** | § | ***JUDICIAL DISTRICT COURT*** |
| ***THE ATTORNEY GENERAL OF TEXAS, THE STATE OF TEXAS AND IN THE INTEREST OF A.S.M., APPELLEES*** | § | ***GREGG COUNTY, TEXAS*** |

## MEMORANDUM OPINION
## PER CURIAM

On October 3, 2023, Author James Manning, Jr. filed a pro se notice of appeal. On October 4, the Clerk of this Court notified Appellant that the notice of appeal failed to contain the information specifically required by Texas Rule of Appellate Procedure 9.5, 10.1(a), and 25.1(d), and Section 51.017(a) of the Texas Civil Practice and Remedies Code. *See* TEX. R. APP. P. 9.5 (service), 10.1(a) (contents of motions), 25.1(d) (contents of notice); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.017(a) (West Supp. 2019) (notice of appeal must be served on each court reporter responsible for preparing reporter's record). The notice warned that, unless Appellant filed a proper notice of appeal on or before October 16, the appeal would be referred to the Court for dismissal.[1] Also on October 4, this Court notified Manning that the notice of appeal failed to show the jurisdiction of the Court, namely, there is no final judgment or appealable order contained therewith. *See* TEX. R. APP. P. 37.2. We further notified Manning

---

[1] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. ***Muhammed v. Plains Pipeline, L.P.***, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

that the appeal would be dismissed unless the information was amended on or before October 16 to show this Court's jurisdiction.  *See* TEX. R. APP. P. 42.3.   On October 5 and 9, Manning filed amended notices of appeal.   The notices still fail to comply with Rule 25.1 and do not demonstrate this Court's jurisdiction.   Nor did Manning otherwise respond to this Court's jurisdictional notice.

Additionally, we note that courts possess inherent powers that aid the exercise of their jurisdiction, facilitate the administration of justice, and preserve the independence and integrity of the judicial system.  ***Brewer v. Lennox Hearth Products, LLC***, 601 S.W.3d 704, 718 (Tex. 2020).  Because inherent powers must be used sparingly, appellate courts have consistently held that the inherent power to sanction exists to the extent necessary to deter, alleviate, and counteract one's bad faith abuse of the judicial process.  *Id*. Bad faith includes intentional conduct, the conscious doing of a wrong for a dishonest, discriminatory, or malicious purpose, as well as the intent to engage in conduct for an impermissible reason, willful noncompliance, or willful ignorance of the facts.  *Id*. at 718-19. "Errors in judgment, lack of diligence, unreasonableness, negligence, or even gross negligence—without more—do not equate to bad faith." *Id*. at 719.  "Improper motive, not perfection, is the touchstone."  *Id*.  Bad faith can be established by direct or circumstantial evidence, but absent direct evidence, the record must reasonably give rise to an inference of intent or willfulness.  *Id*.

The petition in trial court cause number 2001-1995-DR (also 2001-1995) was filed in 2001 and an order establishing the parent child relationship was entered in 2002.  This Court has no record of Manning timely appealing from the order.[2]  *See* TEX. R. APP. P. 26.1 (notice of appeal must be filed within thirty days after judgment signed or within ninety days if postjudgment motion or request for findings of fact and conclusions of law is timely filed, or within twenty days after judgment or order signed in accelerated appeal).  Beginning in 2021, Appellant filed notices of appeal from trial court cause number 2001-1995-DR, each time contending that he is not the child's father, and we dismissed the appeals for failure to comply with applicable appellate rules.  *See **Manning v. State of Texas and In the Interest of S.M.**,* No. 12-23-00203-CV, 2023 WL 5978202 (Tex. App.—Tyler Sept. 13, 2023, no pet.) (per curiam) (mem. op.); ***Interest of A.S.M.***, No. 12-22-00257-CV, 2022 WL 16558446 (Tex. App.—Tyler

---

[2] This Court searched txcourts.gov for other related appeals regarding trial court cause number 2001-1995-DR (and 2001-1995) and it appears that while Manning filed appeals in other courts, they were not timely filed with respect to the 2002 order.

Oct. 31, 2022, no pet.) (per curiam) (mem. op.); *Interest of A.S.M.*, No. 12-21-00005-CV, 2021 WL 761730 (Tex. App.—Tyler Feb. 26, 2021, no pet.) (per curiam) (mem. op.). Yet, Manning continues to appeal from this cause number, without complying with applicable appellate rules, explaining why this Court has jurisdiction, or otherwise responding to this Court's notices.[3] At a minimum, this conduct reasonably gives rise to an inference of willfulness. *See Brewer*, 601 S.W.3d at 719; *see also* Black's Law Dictionary 1630 (8th ed. 2004) (defining "willful" as "[v]oluntary and intentional, but not necessarily malicious"). Manning's (1) repeatedly filing proceedings to raise the same contention, namely that he is not the child's father and the trial court's 2002 order establishing the parent child relationship should be reversed (and sometimes seeking damages), and (2) failing to respond to jurisdictional notices and comply with appellate rules, resulting in the proceeding's dismissal in each appeal, wastes judicial and fiscal resources and constitutes bad faith abuse of the judicial process. *See Ex parte Green*, 596 S.W.3d 498, 502-03 (Tex. App.—Waco 2020, orig. proceeding) (Green's habit of continually raising "same incoherent and incomprehensible issues in appellate cause numbers that have been resolved and closed" "caused a complete waste of judicial resources as to constitute an abuse of the judicial process for which Green may be sanctioned"). Accordingly, any further attempts by Manning to file a direct appeal in trial court cause number 2001-1995-DR, including cause number 2001-1995, will be deemed an abuse of the judicial process. Under such circumstances, this Court will consider its broad range of inherent powers, including its power to sanction.

Pursuant to our inherent power to control this Court's docket, we direct Manning to refrain from filing additional direct appeals from trial court cause number 2001-1995-DR, including cause number 2001-1995. We *dismiss* the appeal pursuant to appellate Rule 42.3(c) and for *want of jurisdiction*. *See* TEX. R. APP. P. 42.3(a); TEX. R. APP. P. 42.3(c) (on its own initiative after giving ten days' notice to all parties, appellate court may dismiss appeal if appeal

---

[3] In addition to the four appeals in trial court cause number 2001-1995-DR, Manning has filed numerous appeals regarding other causes, all of which we denied or dismissed. *See Manning v. Longview Social Security Office,* No. 12-23-00229-CV, 2023 WL 6369778 (Tex. App.—Tyler Sept. 29, 2023, no pet.) (per curiam) (mem. op.); *Manning v. Viacom CBS, Inc.*, No. 12-23-00113-CV, 2023 WL 4308652 (Tex. App.—Tyler June 30, 2023, no pet.) (per curiam) (mem. op.); *Manning v. Longview Social Security Office*, No. 12-21-00241-CV, 2022 WL 243195 (Tex. App.—Tyler Jan. 26, 2022, pet. denied) (per curiam) (mem. op.). In the present appeal, Manning failed to file a docketing statement or respond to this Court's notice questioning jurisdiction. In virtually all the proceedings he files, Manning regularly fails to comply with service requirements and other applicable appellate rules and his notices of appeal consistently fail to contain the contents required by Texas Rule of Appellate Procedure 25.1. *See* TEX. R. APP. P. 9.5 25.1(d). Manning also habitually fails to respond to this Court's jurisdictional notices.

is subject to dismissal because appellant failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time). All pending motions are **_overruled as moot_**.


Opinion delivered October 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2023**

**NO. 12-23-00259-CV**

**AUTHOR JAMES MANNING JR.,**
Appellant
V.
**THE ATTORNEY GENERAL OF TEXAS, THE STATE OF TEXAS AND IN THE INTEREST OF A.S.M.,**
Appellees

Appeal from the 307th District Court

of Gregg County, Texas (Tr.Ct.No. 2001-1995-DR)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed both pursuant to Texas Rule of Appellate Procedure 42.3(c) and for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*